## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Virgil Lee Jackson Jr.,

Plaintiff,

v.

City of Minneapolis and Does 1-20, in their official and individual capacities,

Defendants.

Court File No. 22-cv-00642 (JRT/HB)

**ANSWER OF DEFENDANT CITY OF MINNEAPOLIS TO PLAINTIFF'S COMPLAINT**

**JURY TRIAL DEMANDED**

For its Answer to Plaintiff's Complaint, Defendant City of Minneapolis (hereinafter "Defendant") denies each and every allegation, matter, and thing in Plaintiff's Complaint, except as hereafter admitted.

1.     Defendant admits that on May 30, 2020 Plaintiff was in a parking lot in Minneapolis with Jaleel Stallings ("Stallings") when Stallings fired at least three lethal gunshots at an unmarked Minneapolis Police Department ("MPD") van. Upon information and belief, Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Upon information and belief, Defendant denies the allegations in Paragraph 2 of the Complaint.

3.     Upon information and belief, Defendant admits the allegations in the first two sentences of Paragraph 3 of the Complaint. As to the allegations in the

third sentence, Defendant admits that in drive stun mode, the Taser's electrical probes are applied directly to a person's body but denies that it causes incapacitating pain.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

**PARTIES**

6.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint, therefore, denies the allegations.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff claims to be suing the John Doe Defendants 1-10 in their official and individual capacities; Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 8 of the Complaint; to the extent that an admission or denial is required, the allegations are denied.

9.      Defendant admits that Plaintiff claims to be suing the John Doe Defendants 11-20 in their official and individual capacities; Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 of the Complaint; to the extent that an admission or denial is required, the allegations are denied.

## JURISDICTION

10.     Defendant admits that Plaintiff claims to be entitled to the relief stated in Paragraph 10 of the Complaint pursuant to 42 U.S.C. §§ 1983 and 1988 and Minnesota common law; Defendant denies that it is liable and denies that Plaintiff is entitled to any relief. The remaining allegations in Paragraph 10 of the Complaint are legal conclusions to which no responsive pleading is required, but, to the extent that an admission or denial is required, the remaining allegations in Paragraph 10 of the Complaint are denied.  Defendant affirmatively alleges that jurisdiction is proper in the United States District Court, District of Minnesota.

## BACKGROUND

11.     As to the allegations in Paragraph 11 of the Complaint, Defendant admits that on May 30, 2020 after Stallings fired at least three lethal gunshots at MPD officers in an unmarked MPD van, MPD officers exited the van. Whether Stallings fired the lethal gunshots in self-defense is a legal conclusion to which no responsive pleading is required, but, to the extent that an admission or denial is required, the allegation is denied.

12.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and Defendant, therefore, denies the allegations.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint are legal conclusions to which no responsive pleading is required but, to the extent that an admission or denial is required, the allegations are denied.   To the extent Paragraph 14 is alleging that a reasonable officer would have believed that Plaintiff was a non-violent suspected misdemeanant, those allegations are denied.

15.     Defendant admits the allegations in Paragraph 15 of the Complaint.

16.     Upon information and belief, Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Upon information and belief, Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Upon information and belief, Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

**MONELL ALLEGATIONS**

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

**FIRST CAUSE OF ACTION**
**Excessive Use of Force in Violation of 42 U.S.C. § 1983 and the First and**
**Fourteenth Amendments**
**Against John Does 1-10**

27.     Defendant realleges its admissions and denials as set forth above in Paragraphs 1 to 26 of this Answer.

28.     Upon information and belief, Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in the first sentence of Paragraph 29 of the Complaint. The allegations in the second sentence of Paragraph 29 of the Complaint are legal conclusions to which no responsive pleading is required but, to the extent that an admission or denial is required, the allegations are denied.

30.     Upon information and belief, Defendant admits the allegations of Paragraph 30 of the Complaint.

31.     Upon information and belief, Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     Upon information and belief, Defendant denies the allegations of Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

**SECOND CAUSE OF ACTION**
**Failure to Intervene in Violation of 42 U.S.C. § 1983 and the First and**
**Fourteenth Amendments**

**Against John Does 11-20**

34.     Defendant realleges its admissions and denials as set forth above in Paragraphs 1 to 33 of this Answer.

35.     Upon information and belief, Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     The allegations in Paragraph 36 of the Complaint are legal conclusions to which no responsive pleading is required but, to the extent that an admission or denial is required, the allegations are denied.

37.     Upon information and belief, Defendant admits the allegations in Paragraph 37 of the Complaint.

38.     Upon information and belief, Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Upon information and belief, Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

**THIRD CAUSE OF ACTION**
**State Law Claim – Assault**
**Against City of Minneapolis**

41.     Defendant realleges its admissions and denials as set forth above in Paragraphs 1 to 40 of this Answer.

42.     Upon information and belief, Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant lacks sufficient information to admit or deny the allegations in in Paragraph 43 of the Complaint regarding Plaintiff's state of mind; to the extent that an admission or denial is required, the allegation is denied. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Defendant lacks sufficient information to admit or deny the allegations in in Paragraph 44 of the Complaint; to the extent that an admission or denial is required, the allegation is denied.

45.     Upon information and belief, Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint are legal conclusions to which no responsive pleading is required but, to the extent that an admission or denial is required, the allegations are denied.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

### FOURTH CAUSE OF ACTION
### State Law Claim – Assault
### Against City of Minneapolis

49.     Defendant realleges its admissions and denials as set forth above in Paragraphs 1 to 48 of this Answer.

50.     Upon information and belief, Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     The allegations in Paragraph 51 of the Complaint are legal conclusions to which no responsive pleading is required but, to the extent that an admission or denial is required, the allegations are denied.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

## FIFTH CAUSE OF ACTION
### Conversion
### Against City of Minneapolis

54.     Defendant realleges its admissions and denials as set forth above in Paragraphs 1 to 53 of this Answer.

55.     Upon information and belief, Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Upon information and belief, Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 of the Complaint are legal conclusions to which no responsive pleading is required but, to the extent that an admission or denial is required, the allegations are denied.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

## SIXTH CAUSE OF ACTION
### Negligence Per Se Civil Theft
### Against City of Minneapolis and John Doe 10

60.     Defendant realleges its admissions and denials as set forth above in Paragraphs 1 to 59 of this Answer.

61.     Upon information and belief, Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

## SEVENTH CAUSE OF ACTION
### *Monell Liability*

64.     Defendant realleges its admissions and denials as set forth above in Paragraphs 1 to 63 of this Answer.

65.      Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint. Paragraph 67 contains a footnote with a citation to a news article, to the extent the news article makes allegations against Defendant, those allegations are denied.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

## JURY DEMAND

9

73.     Defendant acknowledges that Plaintiff demands a jury trial. Defendant also affirmatively demands a jury trial

## REQUEST FOR RELIEF

The request for relief is not subject to responsive pleading.  To the extent that the prayer for relief implies or asserts liability on Defendant's part in any way, it is denied.  Plaintiff has no right to relief at law or equity.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Service of process on one or more of the Defendants in this matter is insufficient.

3.     Defendant is immune from liability in this action under the doctrines of official immunity and statutory immunity, and under the provisions of Minn. Stat. § 466.03.

4.     The alleged use of force referenced in the Complaint was privileged under the common law and/or under Minn. Stat. §§ 609.06 and 609.066.

5.     The alleged use of force referenced in the Complaint was justified by the doctrine of self-defense or defense of others.

6.     Defendant's actions are permitted by local law, state statute, federal law, or other applicable law.

7.      Defendant's liability for tort claims is limited by Minn. Stat. §§ 466.01, 466.02, 466.03, 466.04 and 466.05.

8.      Defendant is not liable for punitive damages, if any, under state and federal law.

9.      Plaintiff's injuries or damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional, illegal, and/or negligent acts or the acts of others over whom Defendant exercised no right or dominion or control and for whose actions Defendant is not legally responsible.

10.     Plaintiff failed to mitigate his damages, if any.

11.     Plaintiff voluntarily assumed any risk inherent in the situation that gave rise to the Complaint.

12.     Defendant alleges that the acts upon which the Complaint is based were privileged, were based upon reasonable suspicion, probable cause, or other proper legal standard to believe that Plaintiff had committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances such that Defendant is immune from liability in this action.

13.     Plaintiff's claim also may be barred by affirmative defenses contemplated by Rule 12.02 of the Minnesota Rules of Civil Procedure or Rule 12(b) of the Federal Rules of Civil Procedure which are not specifically set forth

above.  The extent to which the Complaint's claims may be barred by one or more of said affirmative defenses cannot be determined at this time.  Pending further discovery, Defendant alleges and incorporates all such affirmative defenses set forth in Minn. R. Civ. P. 12.02 and Fed. R. Civ. P. 12(b).

WHEREFORE, Defendant prays for an Order of this Court as follows:

1.      Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2.      Awarding Defendant all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.      For such other and further relief as this Court deems appropriate.

Dated:  March 15, 2022

JAMES R. ROWADER, JR.
City Attorney

By */s Sharda Enslin*
SHARDA ENSLIN (0389370)
KRISTIN R. SARFF (0388003)
HEATHER ROBERTSON (0390470)
Assistant City Attorneys
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2810
sharda.enslin@minneapolismn.gov
kristin.sarff@minneapolismn.gov
heather.robertson@minneapolismn.gov

*Attorneys for Defendant City of Minneapolis*